IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-186-C |
| ) | |
| CLIFFORD DAMON, individually, ) | |
| JON CLOWDUS, individually, ) | |
| OFFICER BROWN, individually, ) | |
| OFFICER JOHN DOE I, individually, ) | |
| OFFICER JOHN DOE II, individually, ) | |
| and THE CITY OF OKLAHOMA CITY, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging her constitutional rights were violated by Defendant officers when they detained her without adequate cause. According to Plaintiff, Defendant City is liable because the actions of Defendant officers were pursuant to a policy, practice, custom, or procedure of Defendant City. Defendant City filed a Motion to Dismiss pursuant to Fed.R.Civ. P. 12(b)(6), arguing Plaintiff has failed to plead facts sufficient to state a claim for relief.

In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing

Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007), and Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007)).

In her Amended Complaint, Plaintiff alleges that the unconstitutional actions taken by the Defendant officers were done pursuant to a policy, practice, custom, or procedure of Defendant City. Plaintiff's factual allegations plausibly state unconstitutional actions. Therefore, if Plaintiff proves those actions were done as alleged pursuant to a policy, practice, custom, or procedure, she will be entitled to relief from Defendant City. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978):

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Because the allegations of the Amended Complaint plausibly support a legal claim for relief, Defendant City's motion must be denied.[*]

To the extent Plaintiff seeks, within her response brief, leave to file a second Amended Complaint, her request is improper and will not be considered. See LCvR 7.1(c).

---

[*] To the extent Defendant City argues in its Reply that Plaintiff has failed to address its arguments regarding a failure to train claim, that argument is misplaced. Plaintiff's Amended Complaint does not offer failure to train as a claim for relief and therefore that theory is not present in this case.

For the reasons set forth herein, Defendant City of Oklahoma City's Motion to Dismiss (Dkt. No. 18) is DENIED.

IT IS SO ORDERED this 10th day of September, 2008.

ROBIN J. CAUTHRON
United States District Judge